UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARVIN GARCIA LEMUS,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1762

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.     **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.13.) In an order entered on June 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the April 14, 2026, bond hearing on June 11, 2026, (Resp., ECF No. 6; Recording of Apr. 14, 2026, Bond Hearing, filed on Jun. 11, 2026),

## II.    Factual Background

Petitioner is a native and citizen of El Salvador who entered the United States in 2021. Op., *Marvin Garcia Lemos v. Kevin Raycraft et al.* (*Garcia Lemos I)*, No. 1:26-cv-938 (W.D. Mich Apr. 7, 2026) (ECF NO. 11). On November 2, 2025, Petitioner was arrested by ICE agents. *Id.*

On March 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Garcia Lemos I*. In *Garcia Lemos I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Garcia Lemos I*, (W.D. Mich. Apr. 7, 2026), (ECF Nos. 11, 12).

On April 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Garcia Lemos I*, (W.D. Mich. Apr. 15, 2026) (ECF No. 13-1). At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond in a written order, stating: "Based on the bond record in this case, the Court finds that the Respondent has failed to demonstrate he is not a flight risk." *Id.*

Petitioner suffers from Stage 4 chronic kidney disease (CKD), anemia, hypertension, hypo-osmolality, and hyponatremia. (Petitioner Medical Records, ECF No. 8-1, PageID.381.) Medical records submitted by the Parties indicate that Petitioner has had regular monitoring and treatment of his conditions while confined to North Lake Processing Center, including evaluation by an outside nephrology specialist. (*See*, *generally*, Petitioner Medical Records, ECF Nos. 8-1, 8-2.)

Most recently, on June 10, 2026, Petitioner's treating physician, Scott Holmes, MD, noted that he would follow the "plan of care per specialist," explaining that Petitioner visited the outside nephrologist the previous week, and the outside nephrologist added medications to Petitioner's "Rx regimen." (*Id.*, PageID.423–425.) Nonetheless, Petitioner alleges that his medical condition has deteriorated over time. (Pet., ECF No. 1, PageID.7–10.)

### III.    Analysis

Petitioner has filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release due to Petitioner's "life threatening" medical conditions and the "medically unsafe conditions" of North Lake Processing Center, or, "at a minimum, an immediate bond hearing under § 1226(a) in which Respondents carry the burden to show under a clear and convincing evidence standard that Petitioner is a flight risk and a danger to the community." (Pet., ECF No. 1, PageID.3.)

First, as to Petitioner's claim for immediate release based upon the conditions of his confinement, § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Claims that challenge the conditions of confinement should instead be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action").

Petitioner alleges that Respondents are acting with deliberate indifference to Petitioner's serious medical needs, citing *Farmer v. Brennan,* 511 U.S. 825 (1994), *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305 (6th Cir. 2023), and *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021). (Pet., ECF No. 1, PageID.10; Pet. Br., ECF No. 2, PageID.183.) As in

*Farmer*, *Helphenstine*, and *Brawner*, Petitioner's claims are properly the subject of civil rights claims.

Petitioner cites *Malam v. Adducci,* 2020 WL 1672662 (E.D. Mich. Apr. 5, 2020) and *Escobar v. Adducci,* No. 5:20-cv-10829 (E.D. Mich. Apr. 9, 2020), for the proposition that habeas relief is available "where immigration detention exposed medically vulnerable detainees to severe and life-threatening risks that the facility could not adequately mitigate." (Pet. Br., ECF No. 2, PageID.179.) However, *Malam* and *Escobar* concerned "the extraordinary nature of the COVID-19 pandemic" at its earliest stages and the then-inability to mitigate the petitioner's "significant risk of death" in any institutional setting. *Malam*, 452 F. Supp. 3d at 661; Op. & Ord., *Escobar v. Adducci,* No. 5:20-cv-10829 (E.D. Mich. Apr. 9, 2020) (ECF No. 29). In contrast, Petitioner does not claim the fact of his confinement alone places him at a significant risk. Petitioner seeks release from custody to obtain medical care but does not claim that there is no medical care available to him at North Lake Processing Center or that the conditions of his confinement could not be improved within the facility if different care could be provided to him within the detention facility or through an outside specialist. Because Petitioner's claim about the failure of officials to provide him with adequate medical care challenges only the conditions of his confinement, his claim for release on that ground "fall[s] outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

In considering Petitioner's request for a bond hearing under § 1226(a), Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp.

3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      June 30, 2026                                    /s/ Jane M. Beckering
                                                                        Jane M. Beckering
                                                                        United States District Judge